Daniel Stoddard for Appellate John Coleman This appeal presents two issues under the Freedom of Information Act, or FOIA, the first being the fee category challenge, the second being the fee waiver denial issue. And the court below and the DEA on appeal have advanced four erroneous arguments as to why the district court did not have to even reach the merits of those fee issues. The first is the argument that there had a, that Mr. Coleman had a duty to prepay, to prepay when there were disputed facts raised in the administrative appeal in order to get judicial review. The second issue was that the case was controlled by Pollack. The third was that Mr. Coleman had to do an appeal, a second appeal, after the court case had already been filed in order to advance his fee waiver issue. And the fourth issue was that there was no, an argument raised only on appeal, that no constructive exhaustion is even allowed after an administrative remand. And I'd like to... He still doesn't have any, any of the requested documents? That's correct. They never reached the fee, the fee issues never were reached and therefore there's a complete impasse even at this very basic stage. The prepayment of fees essentially shut down the request. Let me start by saying that prepayment of fees is not required when there is a direct challenge to the basis for that fee assessment. Here where the commercial request was incorrectly assigned to Mr. Coleman and he presented an administrative appeal to the DOJ saying why he was in the wrong fee category and the DOJ agreed with him and they remanded it back to the DEA. And they sat on it? And they And so for that reason, this case is not at all like Pollack where they, this court suggested you should advance your administrative remedies. Here he did his administrative remedies and the DEA just did not do a determination on the fee category. The problem with this prepay, if you think about it, is it completely blocks judicial review of fee issues. Because what if agency were to say a million dollars is due or no judicial review. They say that and what are you going to do if you don't have a million dollars, you cannot go to court? That's not the rule. The rule is you have to constructively exhaust, number one, and you have to present the issue, number two. He did both of those things. If the agency had the power to say well let's make it billion dollars, a billion dollars prepay or no judicial review. He objected to being thrown in the commercial category claiming he was a non-commercial use. And the difference between the two is search and copying versus review search and copy. Exactly, that's correct your honor. It's they call it the other fee category. So the DOJ or the agency said the search alone would cost 1,700 X dollars, 35 dollars, whatever it was. And that was a non-disputed amount wasn't it at that point? The point is that in order for Mr. Coleman to determine if he wanted to go forward he needed to know the full ticket price. In other words, they couldn't tell him. They said in the letter they couldn't tell him. Right. And they just said that we have a search cost of 1,734 dollars whatever it was, five dollars. Now he didn't pay that did he? He did not. And shouldn't he have paid that to go forward? No because in effect he had the right to be fully knowledgeable about which fee category he was in and he knew that the fee category. So they come and they say he's in non-commercial. Actually they send it back don't they? They remand it back and the DA does not do a determination. If, to follow up on your question, if they had said you are in this particular fee category and he did not have any other issues administratively about the fee. I may be misunderstanding your case but I thought your case was not that the agency was necessarily wrong on whether he was a commercial or a non-commercial requester or what have you. But it was simply the extraordinary length of time it took him to get any answer of any kind at all stages of the proceeding. Well your honor that is what gives us the constructive exhaustion but to cut one step further it's the fact that there was no determination made as to whether that fee category decision was correct or incorrect. In other words you have no record from the district court saying he should have been commercial. They never told him what the decision was or what the reasons were. No in fact you know FOIA is supposed to be a two-stop process. You got a request and you go from there to an appeal and then judicial review. This whole business of remand is actually something that shouldn't even be happening because if you look at the time frames you've got 20 working days from the request. This is the problem I have that you have a a time frame which is set out in the in the statute and it's section 552 a6a. Correct. And it says do something within 20 days and here they delay processing of the request for a year and four months and they're told by statute to do something within 20 days. Now there are exceptions to that. They can plead unusual circumstances or they can point to the volume of records requested and say we can't give you an answer 20 days because it's such a large number of requests we need we need more time but they didn't do that. As I understand it I may be I may be wrong and if I am correct me. I didn't think that the agency pleaded the exceptional circumstances exception and I didn't think that they um I didn't think that they gave that they um invoked any kind of um exceptions to FOIA like it was personnel sensitive personnel information or that it was sensitive classified information or it was a trade secret or whatever. They just he just didn't hear anything. Well that's right and first of all the unusual circumstances only buys you 20 more working days. I understand that. And the exceptional circumstances can only be given by a district court and it was not given. Right but unusual and but they didn't invoke the unusual circumstances that would have taken them to 40 days. That's right. But the problem here is that there was I understand there was a delay in the processing of the request for a year and four months. Well that's right. Now it may be that the agency's ultimate decision was correct. It may may not be but the point is the man's entitled to something more than just total silence. Um I mean I don't I may misapprehend the case but that's what troubles me about it. Well your honor what what he's entitled to is that the district court should have determined the fee category issue. That once you what the beauty of constructive exhaustion is when the agency sits on it the court gets to decide the issue and the agency has blown its opportunity because it missed the deadline. Well let me ask you the district court concludes agrees with you that it is non-commercial. Where what happens? At that point the uh and and of course there is the fee waiver issue that has to be resolved but assuming that's uh that's where I was going to lead initially that's a totally new issue. Well uh that was uh you know the regulation requires you to set forth uh uh with reasonable specificity all the justifications for it and the arguments throughout this were commercial non-commercial until very late in the game uh when you wanted a waiver and it seems to me on that issue there has been no appeal to the agency there was no exhaustion and so forth. I was trying to stick with the uh commercial versus non-commercial and so the district court says you're right it's non-commercial. In that case you would have to advance the sixteen hundred forty dollars is that what you would say? Assuming that the fee waiver issue was not reached by this court but I will say it was raised on appeal at the JA at thirty nine the joint appendix at forty one uh you'll see that it was raised and the question is was it raised well enough but it's not a situation where the district court should not have reached the issue it was raised and then if you look at exhibit H which is um uh what came in after the the uh the uh DEA was allowed to do a decision document in November after the case was filed and then if that's allowed then Mr. Coleman should certainly be allowed to respond. There's something wrong with this we were all wrapped around the axle there's there's something troubling maybe the agency can explain it as to why there is this incredible delay because you have um statutory provision after statutory provision after statutory provision saying do this within 20 days if you don't um the remedies will be constructively exhausted and here years and years afterwards he's even when the agency admits that there's a problem um he still doesn't have the paper I just I can't believe that Congress wants to go through that Congress wanted some a requester to go through all this and it's not the fact that the agency was necessarily wrong in their four months that took him to get an answer under a statute which requires 20 days then he takes the appeal up to OIP and they delay processing the request or doing anything for seven months then they say oh the agency was in error and so they rematch remand after seven months so um then he resubmits uh the his initial records request to DEA after the remand after these after this after several years it was still not acted upon he submitted it in April of 2010 nobody acted upon until in August out of desperation or exhaustion or whatever he August 19th he files this lawsuit in the Eastern District and then in September 29th the DEA finally gets around to doing something after the March remand and if there hadn't been a lawsuit filed they probably wouldn't have gotten around um around it then but at each stage the initial response and the appeal and the remand it's delay after delay after delay they're not you know if a citizen doesn't have a right to have this this kind of basic information from his government whether it be a positive reaction to his request or a negative reaction to a request maybe the agency's right maybe the proper fee should have been $1,748 but why have to go through all this litigation to get there that is my frustration here well your honor if i just briefly may respond um i say my time is up um is that congress did decide that when you miss the deadline then the district court should be there to determine the issue presented in this case the issue presented was the commercial category and the public interest fee waiver secondarily and really the district court should not abduct the issue they said there was failure to exhaust but there was the most exhaustive exhaustion that as you described and there was raising of the issue so what more in pollock have you asked and and and therefore what the district court should have done is just squarely addressed which says section 552 a4b says on complaint the district court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant and separate jurisdiction to do feed dispute resolution is also in the in the other what you're saying is then the built-in of for delay and i gather the agency probably has a lot of good answers so i mean they don't have the personnel they got a backlog and uh when you're searching uh billions of documents in the government whatever it is it's a it's understandably very difficult but what congress has built in for delay is access to the court exactly and so your argument basically is the district court sort of should have addressed some of these issues squarely address what whether it is commercial non-commercial or whether it's how much to pay in advance or a total waiver now the total waiver is a little more interesting issue there i i'm not as uh uh clear about uh well i hope on rebuttal i can i can further address that issue unless your honors will i guess my time has run so i i would like to reserve some time thank you let's hear from thank you your honors they sent you down to protect this process they did good morning may it please the court uh david moskowitz on behalf of the drug enforcement administration uh i'd like to first address uh judge wilkinson's um issues with the delay and i'm not here to defend the delay uh the agency was in they have an obligation to do that but ultimately before there actually ever was a complaint filed which he had a right to do 20 days after not receiving an answer they did provide a response and that response found that based on the size of the request it was going to be a lengthy search process and they asked for him to pay sixteen hundred forty dollars of the seventeen hundred eighty-five dollars in search fees that they estimated and they were permitted to do so why didn't you say that earlier i mean that there was just you've got us you know i'm not sure how complicated this is but you know and i keep thinking i must be missing something i must be wrong in the way that i'm i'm looking at this and i want you to tell me because i and i can't believe that my simplistic view of it is actually correct um which is that the statute requires a response within what which is determined within 20 days after the receipt whether to comply with such requests and shall immediately notify the person making such requests of such determination and the reasons therefore in other words you could have said we can't get to this right away um or we have a we can't do it because there's a statutory exemption it's classified it's sensitive personnel it deals with this or that or trade secrets or whatever the whole list of exemptions but just tell the man something i mean just waits a year and four months and then he waits seven months and he's on appeal and then he waits another long period of time after the remand until finally he files a suit and even then nothing seems to get resolved judge niemeyer's right that the statute gives the district court authority as i understand it to order production of the records if the agency's messed up and i mean this can't be with all the all this can't be what congress wanted this i must be missing something because if i'm not it's a bit of a horror show i agree here that it is the agency should have responded earlier they should have responded no doubt well before a year um that it took them but ultimately they did respond and this is no different than the pollack case where again there they took a year and they were wrong in pollack and they were wrong here but ultimately but also you know timeliness is everything if you're trying to get some records the reason you might want them to stale or competitors may out distance you or whatever i mean there are people out there who are serious researchers that that that need this kind of thing and um that timeliness is important if you've got an important project i agree but ultimately they have the right 20 days later if there is no response to bring a suit immediately in court if timeliness is of the essence that is what they're allowed to do if you wait for a decision by the agency then you are stuck with what the agency says and even if you could go to the court for the 20 days but you can't fault the man for trying you know we we put so much emphasis on exhaustion and um you're saying you're going to fault him for not filing suit immediately i'm not faulting him for not filing suit immediately i'm saying if it is timeliness is something that really matters to him he has the right to file suit 20 days later immediately to get to go forward with this but even if he had done so that still doesn't mean that he doesn't have to pay the fees for the search and that's ultimately what's at issue here because the search is an incredibly broad search for basically any correspondence about this particular petition why are you telling that it was a you've denied the request but it was an incredibly broad search i believe we did tell him many times and when my office got involved i will say we tried to work with your office uh the united states attorney's office okay in alexandria uh when we got involved we did try to work with him to narrow the search and this predates me i am unfortunately very new to the office so i don't know anything specifically other than speaking with colleagues but they did try to work with him to narrow the search in a way that would lower the that to him i believe in the record uh there were multiple phone calls with him and then he wrote letters in october and november of 20 was that when when was that after when was the first of those after february 29 2008 right well so this is this is all after he filed the complaint and it's pretty close i'm talking about was there any correspondence beforehand because it would be nice if one could work these things out without having to go to to a federal district court i agree with that and in fact in the um appeal which took longer than it should have uh no doubt but they did specifically request that if uh the fee amount was too high and that he wanted to work with dea to narrow the search they suggested specifically that he contact and call the office and i don't believe that he ever did that and so i completely agree with you that there should be ways to work this out um but ultimately there's never been a narrowing of the request in a way that would lower the search fees the search fees are the only fees that the agency has ever all right tell me where exactly the suggestion was that he'd narrow the request sure um so it's a day what day day well it would be between uh september and october of uh 2010 when after filing the suit and also um there's specifically language in the uh all right so in other words this whole idea of narrowing the request the one year and four months passed without telling him to narrow the request the seven months during the appeal passed without telling him to narrow the request the six months or so on remand passed without telling him to narrow the request um so there wasn't any back and forth at all between the agency they were not trying to be helpful at any stage they you haven't pointed to any administrative correspondence prior to the suit that told him to narrow the request well i the i did point to the appeal from uh the office of information policy which is j40 where it says that um told him specifically to contact the de directly if he was willing to accept less than a complete processing ie to narrow the request in a way that would come up with what he wanted most importantly and to for example some of this correspondence over 16 years if he was willing to get rid of some of that it would make the request be processed much quicker much cheaper but he didn't avail himself of the opportunity there and when was that when was that letter sent sure that letter was sent on march 29 2010 and so yes it took a long time for i no doubt agree that it took way too long for the agency to respond um there are you know many excuses but ultimately congress has given the agency the responsibility to respond in 20 days and they didn't meet that but when they did respond ultimately they were within their right to seek the fees they showed asked for him to only forward 1640 dollars the part of the search fee to process his request he never did that he never said he was he always said he was only willing to pay a thousand dollars total and under the doj regulations which have been upheld he has a right to contest those fees does he not well but he's not actually contesting those fees he's contesting review fees that the agency has never actually asked him to pay and has never put a dollar amount never it's never been an issue the point is the district court can put an end to this well i'm not sure that that's actually true because ultimately you say that's not true well because ultimately his status as a request as a commercial requester or a non-commercial requester doesn't seem to matter here because he's not willing to pay the fees for the search if he were willing to pay the fees for the search then we would be much further along in the process and that's kind of where you know we're stuck here i thought he was arguing he didn't have to pay anything well so that's a separate that's so that's the separate issue and that is an issue on the public interest waiver and that's the only issue that we're actually arguing he failed to exhaust and in that that's because he never presented that request once to the agency and it is true that you may waive a or that that there might be constructive exhaustion as to what you have presented to the agency but what you have not presented to the agency is not constructively exhausted and so had he put that in his request anytime you know before filing suit and 552 a 4a of 7 or 8 which is an agency shall not assess search fees or in the case of a non-commercial requested duplication fees if the agency fails to comply with any time limit in this statute if no unusual or exceptional circumstances apply to the processing of the request so i believe there you're actually referring to a new section that was added by congress partially to address this issue that they've not actually asked for that to apply but it wouldn't apply here because that was added and did not become effective until after these requests were made you're doing one this is isn't retroactive i think you're losing the forest for the trees here you know you just you're trying to instead of making it easier and simpler and making there be a communication between the government and a citizen who's who's making a request you're tying the whole thing in knots through you know through delays and through you know these all sorts of questions which may demand all sorts of further litigation at this even at this stage about whether they're going to be search fees sub-charged or whether you can be limited duplication fees and then there's a you know there's a question of whether he's in the public interest or not and all of this should have been sorted out a long time ago i agree it should have been sorted out a long time ago but it's not only the agency's fault he has an obligation to present his request with specificity he never presented his request for a public interest waiver until december 6 2010 that part of it is fine you keep wanting to bleed into the merits the point is he was met with total silence if you had asked him for a more specific request or say we cannot meet your request because we number of documents requested are too many or just that we don't understand exactly what it is you're looking for all i was saying is that i thought congress in these statutes simply wanted you to tell the man something something tell him that you know that the request was denied if it's denied and then the statute goes on to say tell this gentleman some reason therefore what you've just been you've been telling me the reasons but the point is the statute says the agency should have told him the reasons and it should have told him within 20 days if you look at a request and it's you can't make heads or tails of the request fine an agency has the right to say we can't make a heads or tails we deny it and say what the reasons for the denial is what i don't see is i don't think you have a right to sit on it with for a year and four months and then another seven months and then another six months without saying one doggone thing well i would say they they did sit on it way too long and they sat on it for a year and they should not have sat on it for a year but when they did come back in a year they told him specifically your request a year a year and four months a year and four months i'm not trying to limit the amount of time times the statutory six times the statutory limit agree months it is agreed that is way longer than the statute provides but when they did come back to him at that time they provided him they said we will process your request if you pay the 1640 dollars in search fees if you put that forward our doj regulations say you must pay for the search fees he didn't do that at that point in time the regulations say no further processing is required it might have been that they were wrong initially but mr coleman is wrong as well for not paying the search fees if he wants his request processed and that's what pollack stands for pollack is the exact same situation nobody was supposed to pay until years after he made his request he knew on that when they when they responded on that date in july 2009 which was well beyond the 20 days but they knew at that point in time that he advanced payment of 1640 dollars for processing their request but i thought no different than i thought the oip appeal said that the dea was was incorrect and what they were doing not with respect to that the only thing part of the problem here is also the oip which allowed this appeal to go forward on an issue that really wasn't relevant as to whether he was commercial or non-commercial because the only fees that the agency was requesting were search fees and whether he's commercial or whether he's non-commercial it doesn't matter he still has to pay the search fees and that's ultimately what the district court is getting at is that it doesn't need to determine which is what his status is because he's not willing to pay the 1640 dollars and so he very well might be a non-commercial requester but he still hasn't paid the 1640 dollars and they still haven't improperly withheld the documents because they are allowed to not process the doc the the request further until there's the payment of the 1640 dollars and that's what pollack says the exact same thing happened where the agency waited way too long and the court said two wrongs the agency might have waited way too long but the agency was still entitled to the fees and that's all that we're saying here we're not trying to defend what the agency did in terms of timing or anything else on that front we're just saying he needed to pay refused to pay any fee at all and he never requested a waiver um and uh there was no contention there that the disclosure was necessary to public understanding it was a i mean i think the facts were were different i mean pollock seemed to me to lie down in the road or lie down the railroad tracks a lot more than this individual right well ultimately on the public interest waiver it's i think a totally different issue which is the need to present it to the agency before bringing the case here and it just wasn't done and that is an exhaustion issue the fees issue is is separate in the sense of that's the pollack issue pollack says he had to pay those fees now he could have brought a fee waiver request he had the opportunity to do it he didn't do it until december 6 2010 i know my opposing counsel said he raised this on appeal but in fact the statement on appeal was said you know despite being eligible to request a fee waiver i offered to reimburse the dea for search and duplication costs up to a thousand dollars i mean he he clearly didn't take an appeal and if you need or didn't request a fee waiver and if you need any further confirmation of that he filed an affidavit in the court below saying that he quote and this is that page ja85 mr coleman said under oath he quote had not requested a fee waiver either in his original foyer request nor in his appeal i mean he didn't put it forward but you know it's somewhat ironic that in this case the dea is telling him you didn't do something in time it totally is ironic it is but ultimately it helps the district court because uh as the statute specific on the fee waiver says is that the only thing that the court is allowed to look at is what's in the record before the agency and ultimately there's only one sentence we don't some cases you just have to cut the gordian knot and if we don't cut the gordian knot in a case like this the signal that we are are sending is that an agency can come out with you know with with in innumerable delays and all these this bureaucratic gobbledygook to avoid giving someone a record to which he is by an act of congress um in entitled and this man he shouldn't have to hire counsel to deal with all of these very arcane statutory provisions you know you should go out of your way this person was he was not represented by counsel at the time he made his request was it he was not represented although he's quite knowledgeable about the foyer maybe so but we we can't have a sliding scale of knowledgeability he was unrepresented and i don't understand why the agency can't when they have an unrepresented requester try to make things easier rather than more difficult by not giving him any answer tying up and knots and you know knowing that he's not going to be able to hire a lawyer because a lawyer in an attempt to resolve this issue would pay it would cost many many more thousands of dollars than the difference between a thousand dollars and a 70 1748 figure that the agency and the requester are quarreling of you know you have him over a barrel he doesn't have a lawyer and he can't afford to hire a lawyer so you think you can take your own sweet time in dealing with him i ultimately if the court wants to send a strong message to the agencies that they need to respond that's fine i still think we're completely right on the law i don't disagree with you they should respond faster and in problem uh addressing the problem and i'm not trying to justify it but the way that statute was designed and i gather basically it's an agency responsibility to do it in 20 days but what the congress said is the sanction is if you don't you go to court and get it done right and the court can do it in 20 days or 21 days and if he if time was of the essence he could do that the problem for this man your argument i gather is that uh when they finally did respond delay wasn't the issue it was the payment of the 1640 and uh 1640 was a gate he had to go through in order to get documents and he chose not to and uh he he went to court uh court said he didn't go through that gate i think that that's exactly sums up our argument well i'm wondering something more even more basic um because there are all kinds of issues that were delay their waivers of agency rights and i'm i'm wondering in a situation like this where the record is so condemnatory of the agency's delays and conduct whether you order those productions of can order the production of the documents and that's clear under the statute but there have been there have been courts i think that have said in the face of conduct like this you waive your right to require the fate well i think that uh it would be completely improper here because congress has actually stepped forward and said here is how we're going to if he were to put a new request in today he would have that provision that you mentioned and if they don't respond in 20 days they can't get search fees and so congress has responded here and i don't think uh it's then why wouldn't that why wouldn't that provision that says we're not going to you're not going to have you're going to be limited to duplication fees why wouldn't that provision apply because that provision specifically says that it only applies to information requests after a year after the enactment of the statute which is you know after the requested issue here but but at some point there has to be a waiver an agency has to waive its right to a fee if the conduct just doesn't pass the straight face test well i mean i don't think that as bad as this the conduct you may you know describe here the paula case involves almost the exact same delays and yes he didn't ever ask for a fee waiver anywhere he said he wasn't going to pay any fees but it's no different you know he was actually asking exactly what your honor is proposing here is that well the agency can't charge me any fees because of the excessive delay and of course statutory provision which which which would waive the search fees it would going forward but again congress was quite explicit as to starting the starting date of when what requests it would apply to and it doesn't apply here and they haven't argued i assume that's why they haven't argued it here because you know congress was very clear as to when the which request for information applied to and it was after this date but going forward i do think that that will help agencies uh push them for whatever additional incentive they need to act quickly well because i mean it's still a very minor sanction um to just say oh well they're not going to go to court and even if they do go to court all we're doing is waiving the search fees and i mean all all that we may have to do is waive our right to a search fee i mean ultimately that you might be right but that's for congress to decide what to do but you know you're talking to me about what congress wanted you know congress was the one not me that put that 20-day deadline in and put these the district court authority and if we want to get into what congress intended they surely intended nothing like this agreed um but ultimately i once the agency did act even if it was too slow they had the right to the fees and um when the 1640 number when the search costs were 17 something i believe it has to do with you get two free hours of search and so that was the total amount okay thank you no further let's hear from mr stoddard thank you your honors i i would like to make three brief points that directly address the questions that were presented to my able opposing counsel um first is uh as to the legal right this is a situation where the legal right under constructive exhaustion actually occurred in one of the later stages that judge wilkinson referred to when the doj issued its decision on march 29 2010 and it sent the request back to the dea at that point they received the request they received it from the doj and the 20 working days applied there and there wasn't anything that mr coleman could appeal he was waiting for a decision so as a matter of law what distinguishes this case from oglesby or pollock or any of those other cases is this is not a case where he did appeal initially he got a decision and he won the appeal it was sent back to the agency and the agency gets the request and then he was entitled to a decision within 20 working days and he had nothing to appeal so as a matter of law this was a case where constructive exhaustion hits the nail and he had a right to go to court so well he had a right to appeal the question raised which was whether he was commercial or non-commercial he did raise that government's yeah and the district court could have been required to decide that in this case because there's exhaustion that's right they should have right uh the government's position is i gather is that the search uh that issue is irrelevant to the search fees which apply regardless that's exactly my second point the prepayment issue yeah and and the prepayment of the search allows the agency to not go forward until they get the money that's exactly the second point i was going to raise the prepayment issue the prepayment issue is this if you are ordering food at a restaurant you know the price that you're going to pay the total price you have a menu this gentleman had a right to know which fee category he was going to be in because frankly he could decide i'm not even going to go forward with the request if i go to a restaurant that's the menu is too expensive i can say i will not order an hors d'oeuvre i will not order dinner and and the point is he had a right to get a decision of which fee category he was in to decide do i go forward at all and and i think that preliminary question would have dictated whether he did go forward or not and and related to your all of the questions from council as to narrowing this process let me say that mr coleman did offer to narrow and i will affirmatively say if this case is it seems to me if your hypothetical is right if that's or not hypothetical if your argument is correct then his sanction is 20 days after the remand go to district court and get that order the sanction that congress provided isn't punishment for delay i mean the government is an operation that no one person controls go to court is go to court that's you're exactly right that's what you go to court and go back but the agency still is justified it seems to me to say we're not going to start until we get prepayment that's right and he is not arguing that he doesn't have to pay and he's not arguing that to get the records first all he wants is a settlement of which category he is under before he gives a blank check to not even knowing which fee category he would fit under let me say this if this case is remanded number one there's no question that mr coleman is prepared to work with the agency because he thinks they do not understand his request in a way that significantly could narrow the request number two he's offered in his in his letter of april 22nd which is in the record at 42 he's offered to help the narrow the process by doing what's called the reading room review where he goes through the records and says i want item a i want item b it saves a ton of agency time it saves a ton of agency costs so mr coleman is absolutely willing to narrow this request the problem is he never got the chance and the reason he never got the chance is because a the agency on remand dropped the ball and he constructively exhausted it and b the district court respectfully to drop the ball by saying we're not going to cut to the chase we're not going to resolve the the fee issues and let this move on to the next stage because it would have led to a if they gave a price tag that was too high it would have led to a natural tendency a win-win whereby he would say i only want this and that and they say sure that's only going to cost 500 and everybody wins the problem is when the district court says we're going to throw the case out after he's constructively exhausted and that's why he's here your honor i understand your argument okay if if i have one last point i would just like to say this if i see two minutes i just would like to say that with regard to the public interest fee waiver i appreciate the the comments of my able opposing counsel that there was a limited raising of that issue before the case was filed but the thing that is important to recognize is that the dea issued a decision specifically talking about the public interest fee waiver in exhibit g which is their november 22nd 2010 response and and then thereafter mr coleman filed on december 6 2010 a document that exhaustively walked through the public interest fee waiver factors already in court though by them so the question presented is if the agency is allowed to respond after the court case is filed does it not follow that the requester has the same the administrative remedy the administrative process is effectively still going on just subject to the court's judicial oversight and so i would argue that those documents if they're allowed in it has to be either both of them are out or both of them are in it does not follow that one of them can come in the agency's response and not mr coleman's detailed letter saying why he should get a public interest fee waiver thank you your honors all right we'll come down and greet counsel then under our last case
judges: William B. Traxler, Jr., J. Harvie Wilkinson III, Paul V. Niemeyer